**Ljubisa HORVAT, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75048.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.[*]

Decided May 19, 2006.

Ronald G. Finch, Esq., Phoenix, AZ, for Petitioner.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Regina Byrd, Esq., Barry J. Pettinato, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Ljubisa Horvat, a native of the former Yugoslavia and a citizen of Serbia and Montenegro, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's order denying his motion to reopen deportation proceedings to seek adjustment of status. As Horvat's deportation proceedings were completed in New York, we dismiss the petition for review for lack of jurisdiction. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208 § 309(c)(4)(D), 110 Stat. 3009, 3009–626, *as amended by* Pub.L. No. 104–302, 110 Stat. 3656 (1996) ("[T]he petition for review shall be filed with the court of appeals for the judicial circuit in which the administrative proceedings before the ... immigration judge were completed."); *Rodriguez–Roman v. INS,* 98 F.3d 416, 424 (9th Cir.1996) (stating that in these circumstances "a court lacks jurisdiction if venue does not lie").

Pursuant to 28 U.S.C. § 1631, we further conclude that transferring Horvat's petition for review to the United States Court of Appeals for the Second Circuit would not be in the interests of justice, as

he has not presented a colorable claim for relief. *See Rodriguez–Roman,* 98 F.3d at 424. *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 2002 WL 393173 (BIA 2002) (en banc), on which Horvat relies, does not apply to motions to reopen by aliens "barred from adjustment of status for overstaying a voluntary departure period." *Id.* at 256. As Horvat admits to overstaying his voluntary departure period that expired on November 5, 2001, he is subject to the five-year bar to adjustment of status contained in former 8 U.S.C. § 1252b(e)(2)(A).

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

